Leila Nourani (SBN 163336)
Damien P. DeLaney (SBN 246476)
Michael A. Wertheim (SBN 291228)
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:   (213) 689-0404
Facsimile:    (213) 689-0430
leila.nourani@jacksonlewis.com
damien.delaney@jacksonlewis.com
michael.wertheim@jacksonlewis.com

Attorneys for Defendant
DISTRIBUTION ALTERNATIVES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE STANLEY, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>DISTRIBUTION ALTERNATIVES, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  5:17-cv-02173-AG-KK<br><br>**DEFENDANT DISTRIBUTION ALTERNATIVES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF  [FRCP 12(B)(6), 12(E)**<br><br>[Filed concurrently with [Proposed] Order Granting Motion to Dismiss]<br><br>Date:         November 27, 2017<br>Time:         10:00 a.m.<br>Courtroom:  10D<br><br>Complaint Filed: September 13, 2017 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 27, 2017 at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 10D of the above-entitled Court, located at 411West 4th Street, Room 1053 Santa Ana, CA 92701, Defendant Distribution Alternatives, Inc. ("Defendant"), will, and hereby does, move this Court as follows:

1. For an order pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing with prejudice claims brought by Plaintiff Stephanie Stanley ("Plaintiff") against Defendant because Plaintiff's Complaint fails to sufficiently plead that Defendant: (1) failed to pay final wages timely upon termination in violation of California Labor Code sections 201 and 202; (2) failed to reimburse reasonable business expenses under California Labor Code section 2802; or (3) violated the California Business and Professions Code section 17200 *et seq.*; or in the alternative;

2. For an order pursuant to Federal Rule of Civil Procedure Rule 12(e) for a more definitive statement of a pleading.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Leila Nourani, the Complaint, the pleadings and records on file herein, and such other evidence and argument as may be presented to the Court at or prior to the hearing on the Motion.

This motion is made following the conference of counsel pursuant L.R. 7-3, which took place on October 23, 2017.

Respectfully submitted,

DATED: October 30, 2017  JACKSON LEWIS P.C.

By:/s/ Damien P. DeLaney
Leila Nourani
Damien P. DeLaney
Michael A. Wertheim

Attorneys for Defendant
DISTRIBUTION ALTERNATIVES, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Stephanie Stanley ("Stanley") was employed by Defendant Distribution Alternatives, Inc. ("DA") as a salaried exempt receiving supervisor. In this class action, Stanley seeks to represent every DA employee throughout its California operations—regardless of position or classification—asserting a panoply of alleged wage and hour violations. She asserts three claims: (1) failure to pay final wages timely upon termination in violation of California Labor Code sections 201 and 202; (2) failure to reimburse reasonable business expenses under California Labor Code section 2802; and (3) violation of California Business and Professions Code section 17200 *et seq*.

The Complaint fails to allege minimally plausible facts to state a claim on which the Court can grant relief. The Ninth Circuit has previously made clear that, in order to meet the minimal pleading standard, the plaintiff must allege at least one workweek in which she allegedly incurred a violation. Stanley's Complaint falls far short. Instead of pleading facts sufficient to show a plausible entitlement to relief, Stanley simply asserts that the Labor Code was violated and that DA is liable. This type of conclusory assertion is insufficient to survive a motion to dismiss.

Moreover, Stanley's third claim for violations of section 17200 is impermissibly vague. Although it appears that Stanley alleges a large number of violations comprising a "pattern and practice of wage abuse against [DA's] employees," it is unclear from the allegations which, if any, of these claims are substantively asserted as a basis for relief under section 17200 rather than included as mere surplusage.

Accordingly, the Complaint must be dismissed for failure to state a claim. Alternatively, if the Court declines to dismiss the Complaint, DA respectfully requests that the Court order Stanley to make a more definite statement pursuant to Federal Rule of Civil Procedure ("FRCP") 12(e).

## II. STATEMENT OF FACTS

Stanley filed her Complaint on September 13, 2017 in the Superior Court of California, San Bernardino County. The action was timely removed to this Court on October 23, 2017.

The Complaint asserts three claims: (1) violation of California Labor Code sections 201 and 202; (2) violation of California Labor Code sections 2800 and 2802; and (3) violation of California Business and Professions Code section 17200 *et seq*. Stanley purports to bring these claims on behalf of herself and "all other members of the general public similarly situated." (Complaint, ¶ 12.) She defines the proposed class she seeks to represent as "[a]ll current and former employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." (Complaint, ¶ 13.) Within that class, she also proposes a "Subclass A," which consists of "all former employees who worked for any of the Defendants within the State of California on an hourly-paid or non-exempt basis at any point during their employment with Defendants and whose employment with Defendants ended at any time during the period of from four years preceding the filing of this Complaint to final judgment." (Complaint, ¶ 13.)

In paragraphs 17 through 40 of the Complaint, Stanley alleges a laundry list of supposed violations of the California Labor Code. She provides virtually no facts forming a basis for these alleged violations. Instead, she merely restates in conclusory fashion that the Labor Code was violated. The key allegations in the Complaint are:

- "Defendants engaged in a pattern and practice of wage abuse against their employees within the State of California. This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks within the time period required upon resignation or discharge and not reimbursing them for all necessary business related expenses in violation of California law." (Complaint, ¶ 25.)

- "Plaintiff is informed and believes, and based thereon alleges that Defendants knew or should have known that Plaintiff and the other SUBCLASS A members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all hours worked." (Complaint, ¶ 26.)

- "Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other SUBCLASS A members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage orders and thus they are entitled to any and all applicable penalties." (Complaint, ¶ 27.)

- "Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other SUBCLASS A members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other SUBCLASS A members' regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other SUBCLASS A members' regular rate of pay when a meal period was missed." (Complaint, ¶ 28.)

- "Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other SUBCLASS A members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other SUBCLASS A members' regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other SUBCLASS A members' regular rate of pay when a rest period was missed." (Complaint, ¶ 29.)

- "Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other

SUBCLASS A members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked." (Complaint, ¶ 30.)

- "Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other SUBCLASS A members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation." (Complaint, ¶ 31.)

- "Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses." (Complaint, ¶ 32).

The Complaint then restates these basic allegations, but without additional facts, in paragraphs 34-39 of the Complaint, alleging that Plaintiff and the putative Subclass A members were deprived of minimum wages, overtime, meal periods, rest breaks, and timely payment of final wages. It also alleges, without additional facts, that the entire putative class were deprived of reimbursement for "necessary business-related expenses and costs." (Complaint, ¶ 38).

Other than the claims for waiting time penalties and business expense reimbursement, Stanley does not assert free-standing claims for any of this alleged conduct. The third claim is a claim under California Business and Professions Code section 17200. After a boilerplate incorporation clause, the third claim sets forth the following factual assertions:

- "Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq." (Complaint, ¶ 54)

- "A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code section 201 and 202. Defendants also violated California Labor Code sections 2800 and 2802 by failing to reimburse putative class members for all necessary business related expenses." (Complaint, ¶ 55.)

### III. STANDARD OF REVIEW

#### A. Motion to Dismiss Under Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint against the pleading requirements set forth in Rule 8 of the FRCP. Rule 8(a)(2) of the FRCP requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court has explained, the purpose of the rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

To survive a motion to dismiss, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw a reasonable inference" that the defendant is liable. *Iqbal*, 556 U.S. at 678. The *Twombly* and *Iqbal* decisions adopted a two-part test for determining whether a complaint can survive a motion to dismiss. First, the court must separate the allegations in the complaint that are entitled to an assumption of truth (i.e., factual allegations) from those that are not (i.e., legal conclusions). *See Twombly*, 550 U.S. at 555, 557. Second, the court must consider the remaining factual allegations to determine "if they plausibly suggest an entitlement to relief." *Id*.

### B. Motion for a More Definite Statement Under Rule 12(e).

Rule 12(e) provides that a defendant may move for a more definite statement "[i]f a pleading … is so vague or ambiguous that a party cannot reasonably prepare a response." Fed. R. Civ. P. 12 (e); *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) ("If a complaint is so ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e).").

Furthermore, a Motion for a More Definite Statement is the proper procedural tool when the plaintiff fails to identify his or her claims with sufficient clarity. Indeed, the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading." *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001) (abrogated on separate grounds). Courts have an obligation and duty to insure that a complaint which goes forward properly frames the issues and does not take the form of a "shotgun pleading." *See id.*; *Petrano v. Old Republic Nat'l Title Ins. Co.*, 2012 U.S. Dist. LEXIS 82428, at *17 (N.D. Fla. June 13, 2012). Notably, "shotgun pleading" is disallowed because a defendant should not be forced to speculate as to the facts giving rise to such claims. *See Day v. McConnegly*, 2011 U.S. Dist. LEXI S 117741, *23 (N.D. Ohio Oct. 12, 2011) ("[P]laintiff's failure to identify a particular legal theory in his complaint places an unfair burden on defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action."); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996) ("Experience teaches that, unless cases are plead clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

A Motion for More Definite Statement "shall point out the defects complained of and the details desired." Fed. R. Civ. P. 12 (e). When evaluating a motion for a more definite

statement, the court must assess the complaint in light of the notice pleading requirements of Rule 8. *Fullen v. Galveston Indep. Sch. Dist.*, 2008 U.S. Dist. LEXIS 2535, * 11-12 (S.D. Tex. Jan. 14, 2008). Thus, if a pleading fails to specify the allegations in a manner that provides sufficient notice under Rule 8, then a Rule 12(e) motion is appropriate. *Bellard v. JP Morgan Chase Bank, N.A.*, 2010 U.S. Dist. LEXIS 47771, * 3-4 (S.D. Tex. May 14, 2010).

## IV. ARGUMENT

### A. The Complaint Fails to State A Plausible Claim For Relief.

Stanley's Complaint fails to meet the *Twombly*/*Iqbal* standard because it lacks any facts to state a plausible claim for relief. In fact, this Complaint is exactly the type of vague, conclusory complaint that *Twombly* and *Iqbal* both held were insufficient. This complaint is nothing more than a recitation of Labor Code provisions accompanied by the vague assertion that defendant violated them.

The Ninth Circuit has held based on the decisions in *Twombly* and *Iqbal* that "allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give **fair notice** and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (emphasis added); *see also Landers v. Quality Comms., Inc.*, 771 F.3d 638, 640-46 (9th Cir. 2014), *as amended* (Jan 26, 2015). Thus, where a complaint only alleges in conclusory fashion that plaintiffs are entitled to unpaid overtime because, "[d]uring the relevant time period, the [d]efendant required . . . [p]laintiffs to work overtime without lawful compensation," the complaint fails to state a valid claim for unpaid overtime under *Twombly* and *Iqbal*. *Weigele v. FedEx Ground Package Sys., Inc.*, 2010 U.S. Dist. LEXIS 120475, *10 (S.D. Cal., Nov. 15, 2010). Similarly, where a complaint only alleges that an employer "fail[ed] to pay and properly calculate overtime," it too fails to plead sufficient facts to constitute a claim for unpaid overtime. *Harding v. Time Warner, Inc.*, 2010 U.S. Dist. LEXIS 5896, *11 (S.D. Cal., Jan. 26, 2010).

Here, the allegations of Stanley's Complaint are nearly identical to the conclusory allegations of *Weigele* and *Harding*. For example, Stanley's Complaint alleges that Plaintiff

and the putative class "were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked." (Complaint, ¶ 26). These allegations clearly mirror the threadbare facts asserted by the plaintiffs in *Weigele* and *Harding*, which were found insufficient as matter of law. Because of this, Stanley's Complaint—like the complaints in *Weigele* and *Harding*—fails to state a claim and is subject to dismissal under Rule 12(b)(6).

Further, Stanley's Complaint, at minimum, should provide fair notice of the nature of her claims by setting forth a cognizable legal theory explaining how or why she or any putative class member would be entitled to unpaid overtime. Stanley's Complaint contains no theory at all short of the conclusion that the law was violated and DA is liable. The failure to articulate any theory in favor of reciting only conclusory statements is fatal to Stanley's Complaint. *See, e.g., Shroyer*, 622 F.3d at 1041 (9th Cir. 2001) ("[w]e have held that dismissal for failure to state a claim is 'proper . . . where ***there is no cognizable legal theory*** or an absence of sufficient facts alleged to support a cognizable legal theory'") (emphasis added).

Also, the Ninth Circuit has made clear that a plaintiff alleging failure to pay overtime wages "must allege ***at least one workweek*** when he worked in excess of [the statutory minimum for overtime eligibility] and was not paid for the excess hours in that workweek." *See Landers*, 771 F.3d at 646 (applying the FLSA) (emphasis added); *accord Franke v. Anderson Merchandisers LLC*, 2017 U.S. Dist. LEXIS 119087, at *18 (C.D. Cal. July 28, 2017) (applying *Landers* to California Labor Code claims and dismissing claims for plaintiff's failure to plead instances in which violations occurred); *Clark v. EmCare, Inc.*, No. 2:16-cv-07503-ODW-JC, 2017 U.S. Dist. LEXIS 40687, at *6 (C.D. Cal. Mar. 21, 2017) (holding allegation that Plaintiff's mere allegation "that she worked more than 40 hours per week and/or more than eight hours in one day" was insufficient to state a claim, following *Landers*); *Freeman v. Zillow, Inc.*, No. SACV 14-01843-JLS (RNBx), 2015 U.S. Dist. LEXIS 120501, at *9-*10 (C.D. Cal., March 19, 2015) (explaining that "the reasoning in *Landers* also applies to [p]laintiff's overtime claim asserted under the California Labor Code because both

California Labor Code § 510(a) and [the FLSA] require [p]laintiff to have worked overtime in a given workweek to state a claim against [d]efendant for failure to pay overtime wages").

This Court's reasoning in *Franke v. Anderson Merchandisers LLC*, No. CV 17-3241 DSF (AFMx), 2017 U.S. Dist. LEXIS 119087 (C.D. Cal. July 28, 2017) confirms that *Landers* applies not only to overtime claims, but also to other alleged labor code violations. In *Franke*, the plaintiff alleged—as Stanley does here—missed meal periods and rest breaks, unpaid minimum wages, waiting time penalties, and unpaid business expenses, among other alleged violations. *Id*, at *18-*19. The Court dismissed the plaintiff's meal and rest break claims, explaining that they were "deficient because she fails to plead any instance when she did not receive a break." *Id*. Similarly, the plaintiff failed to plead any "specific shift for which she did not receive minimum wages." *Id*. As to waiting time penalties, the Court held that the plaintiff "fails to allege what wages were due." *Id*. And as to the business expenses, the plaintiff "fail[ed] to provide a single instance when such a cost was incurred." *Id*.

As in all of the cases discussed above, Stanley's Complaint is bereft of the minimal detail required by *Twombly/Iqbal* and *Landers* to survive a motion to dismiss. The Complaint never specifies even a single workday or workweek when Stanley allegedly worked in excess of eight hours in a day or 40 hours in a week for which she would be entitled to overtime. (*See generally* Complaint.) Rather, Stanley "merely recite[s] the statutory language" of California's overtime statutes, and the elements required for a claim thereunder. The same can be said for each of the other purported Labor Code violations set forth in the Complaint. These conclusory allegations by themselves are insufficient as a matter of law. *See Landers*, 771 F.3d at 644.

Stanley's third claim is further flawed because it fails to place DA on notice of exactly what claims are being asserted against it. In *Fortaleza v. PNC Fin. Servs. Group, Inc.*, 642 F. Supp. 2d 1012, 1020 (N.D. Cal. 2009), the Court dismissed a cause of action under section 17200 because it failed to "allege and identify any state, federal, or local law or policy that serves as the predicate for recovery under § 17200." Here, Stanley's third claim is vague and confusing because on the one hand it incorporates the entire Complaint—which asserts

overtime, meal and rest break, and minimum wage violations—but then, on the other hand, only specifies the alleged failure to timely pay final wages and to reimburse business expenses as predicates for the alleged violation of section 17200. *See* Complaint, ¶¶ 52-55. It is impossible to determine, based on how the third claim is pled, whether Stanley is actually seeking unpaid wages and missed meal and rest break premiums through the section 17200 claim or if she only seeks waiting time penalties and expense reimbursement, and the remaining allegations of unpaid wages and missed meal and rest breaks are surplusage.

### B. In the Alternative, Defendant Respectfully Requests The Court Order Plaintiff To Make a More Definite Statement.

For all the reasons stated above, Stanley's Complaint is so vague and unclear that DA cannot understand the claims she asserts or formulate a meaningful response. By including numerous allegations of Labor Code violations in her Complaint and then incorporating them by reference into her section 17200 claim while only specifying her waiting time and expense reimbursement claims in the same claim, it is impossible to determine whether DA is facing a claim primarily for waiting time penalties and unpaid business expenses, or a broader claim for a greater array of alleged violations. At best, DA could speculate as to the latter and attempt to respond to the Complaint. Even then, DA is deprived of the notice to which it is entitled under Rule 8. Further, as discussed above, Stanley's Complaint is so lacking in factual detail, that it is impossible to understand the nature of the claims she is asserting and the theories on which she relies.

A more definite statement in this case must set forth (1) the pay period(s) in which Stanley alleges that she was not paid minimum or overtime wages; (2) the days or pay period(s) on which she allegedly did not receive meal breaks or rest breaks; (3) the business expenses she alleges were not reimbursed; and (4) the amount of waiting time penalties allegedly owed.

///

///

///

## V. CONCLUSION

For the reasons discussed above, this Court should grant Defendants' Motion to Dismiss, or in the alternative, Motion for a More Definitive Statement.

Respectfully submitted,

DATED: October 30, 2017                    JACKSON LEWIS P.C.


By: /s/ Damien P. DeLaney
Leila Nourani
Damien P. DeLaney
Michael A. Wertheim

Attorneys for Defendant
DISTRIBUTION ALTERNATIVES, INC.

4826-0117-2562, v. 1