Leila Nourani (SBN 163336)
Damien P. DeLaney (SBN 246476)
Michael A. Wertheim (SBN 291228)
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:  (213) 689-0404
Facsimile:  (213) 689-0430
leila.nourani@jacksonlewis.com
damien.delaney@jacksonlewis.com
michael.wertheim@jacksonlewis.com

Attorneys for Defendant
DISTRIBUTION ALTERNATIVES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE STANLEY, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>DISTRIBUTION ALTERNATIVES, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  **5:17-cv-02173-AG-KK**<br><br>**DEFENDANT DISTRIBUTION ALTERNATIVES, INC.'S OPPOSITION TO PLAINTIFF STEPHANIE STANLEY'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447**<br><br>[*Filed concurrently with the Declaration of Leonard Thurmes*]<br><br>Date:          December 4, 2017<br>Time:         10:00 a.m.<br>Courtroom:   10D<br><br>Complaint Filed:  September 13, 2017 |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION.................................................................................................5

II.   ARGUMENT .......................................................................................................5

A.   DA Has Made A Plausible Allegation That Plaintiff Has Plead An
     Amount In Controversy Exceeding Five Million Dollars. .............................5

B.   DA Plausibly Alleged The Amount In Controversy Exceeds Five
     Million Dollars Through Calculations As To Plaintiff's Causes Of
     Action..........................................................................................................7

C.   Plaintiff Misleads the Court by Now Asserting Certain Claims Are
     Only Related to "Former" Hourly Employees .................................................9

D.   DA Is Under No Obligation to Investigate Facts Outside the Four
     Corners of the Pleadings In Order to Remove...............................................10

E.   Plaintiff's Motion Fails to Contest Any Evidence Submitted by DA,
     nor Does Plaintiff Submit Her Own Evidence To Satisfy Her Burden
     Of Proving By A Preponderance Of The Evidence That The Amount
     In Controversy Does Not Exceed $5,000,000. ...............................................11

F.   Plaintiff Has Not Legitimately Challenged Defendant's Plausible
     Allegations Regarding The Amount In Controversy.......................................12

III.  CONCLUSION ..................................................................................................19

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Coleman v. Estes Express Lines, Inc.*
  730 F. Supp. 2d 1141 (C.D. Cal. 2010) *aff'd sub nom. Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) ............................................................................. 13

*Dart Cherokee Basin Operating Company, LLC v. Owens*
  135 S. Ct. 547 (2014) ................................................................................................ 6, 11

*Deaver v. BBVA Compass Consulting & Benefits, Inc.*
  2014 U.S. Dist. LEXIS 72074, *7 (N.D. Cal. May 27, 2014) ...................................... 17

*Hanlon v. Chrysler Corp.*
  150 F.3d 1011 (9th Cir. Cal. 1998) ............................................................................... 8

*Harris v. Bankers Life and Casualty Co.*
  425 F.3d 689 (9th Cir. 2005) ...................................................................................... 11

*Ibarra v. Manheim Invs.*
  775 F.3d 1193 (9th Cir. 2015) ................................................................................. 6, 13

*Johnson v. Sunrise Senior Living Mgmt.*
  CV 16-00443-BRO (RAOx), 2016 U.S. Dist. LEXIS 29631, at *6 (C.D. Cal. Mar. 8, 2016) ............................................................................................................................. 6

*Leos v. Fed. Exp. Corp.*
  2014 U.S. Dist. LEXIS 80162, *5 (C.D. Cal. June 10, 2014) ...................................... 13

*Lewis v. Verizon Communs., Inc.*
  627 F.3d 395 (9th Cir. Cal. 2010) ............................................................................... 10

*Lowdermilk v. U.S. Bank Nat'l Ass'n*
  479 F.3d 994 (9th Cir. 2007) ........................................................................................ 8

*Mejia v. DHL Express (USA), Inc.*
  2015 U.S. Dist. LEXIS 67212 (C.D. Cal. May 21, 2015) ............................................ 17

*Muniz v. Pilot Travel Centers LLC*
  2007 U.S. Dist. LEXIS 31515, 2007 WL 1302504, at *3-5 (E.D. Cal. May 1, 2007).. 16

*Oda v. Gucci Am., Inc.*
  2015 U.S. Dist. LEXIS 1672, *12-13 (C.D. Cal. Jan. 7, 2015) ........................ 16, 17, 18

*Roa v. TS Staffing Services, Inc.*
  2015 U.S. Dist. LEXIS 7442 (C.D. Cal. January 22, 2015) ......................................... 12

*Sanchez v. Russell Sigler, Inc.*
  CV 15-01350-AB (PLAx), 2015 U.S. Dist. LEXIS 55667, at *11 (C.D. Cal. Apr. 28, 2015) ............................................................................................................... 7, 13, 17

---

*Simmons v. PCR Tech.*
 209 F. Supp.2d 1029 (N.D. Cal. 2002) ............................................................. 8

*Standard Fire Ins. Co. v. Knowles*
 133 S.Ct. 1345 (2013) ..................................................................................... 8

*United States ex rel. Modglin v. DJO Global Inc.*
 48 F. Supp. 3d 1362 (C.D. Cal. 2014) .............................................................. 12

*Yocupicio v. PAE Group, LLC*
 2015 U.S. App. LEXIS 13273 (9th Cir. Cal. July 30, 2015) ............................. 8

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff seeks to remand this case back to state court by arguing that Distribution Alternatives, Inc. ("DA") failed to provide any evidence in support of its removal to this Court and made improper assumptions in calculating potential damages. Both United States Supreme Court and Ninth Circuit precedent stand in stark contrast to these arguments and should guide this Court in finding against remand, as DA is not obligated to present the evidence requested by Plaintiff. Furthermore, according to the Supreme Court, it is incumbent upon a party seeking remand to contest a jurisdictional fact and provide evidence in support of that challenge.

Here, Plaintiff has done neither. Plaintiff simply *argues* against DA's assumptions without providing any of her own alternative assumptions or evidence. Because DA's notice of removal contains sufficient allegations to allow removal under the Class Action Fairness Act ("CAFA"), the Court should find that DA has invoked this Court's jurisdiction by a preponderance of evidence, especially since Plaintiff has not presented any competing evidence or assumptions. As such, DA respectfully requests the Court deny Plaintiff's Motion.

### II.   ARGUMENT

#### A.   DA Has Made A Plausible Allegation That Plaintiff Has Plead An Amount In Controversy Exceeding Five Million Dollars.

Because DA's Notice of Removal includes more than plausible allegations regarding the requisite amount in controversy, federal jurisdiction is proper. Indeed, where a plaintiff's complaint is silent as to whether the amount in controversy is less than CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and need not include evidentiary submissions. *Dart Cherokee*

*Basin Operating Company, LLC v. Owens,* 135 S. Ct. 547, 549 (2014).[1] Here, Plaintiff does not dispute her Complaint was silent on the total amount in controversy. Given Plaintiff's silence on the amount in controversy, DA need only demonstrate that the amount in controversy plausibly exceeds $5,000,000 – which it did.

To meet the amount in controversy requirement under CAFA, a removing defendant must plausibly assert that the amount in controversy exceeds $5,000,000. *See Ibarra v. Manheim Invs.,* 775 F.3d 1193, 1197 (9th Cir. 2015).   All this requires is a "short and plain statement" of the grounds for removal.  28 U.S.C. 1446; *Dart,* 135 S. Ct. at 553-54.  This language tracks that of Federal Rule of Civil Procedure 8(a), and courts have been instructed to apply this same liberal pleading standard in cases of removal involving CAFA.  *See Dart,* 135 S. Ct. at 553.

Where the amount in controversy is not contested, a defendant is not required to submit evidence establishing the amount, and the amount pleaded by the defendant should be generally accepted if made in good faith.  *Dart,* 135 S. Ct. at 553.  "[W]hen a defendant's assertion of the amount in controversy is challenged," "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Dart,* 135 S. Ct. at 554.  "Courts may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists, including summary judgment-type evidence."  *Johnson v. Sunrise Senior Living Mgmt.,* CV 16-00443-BRO (RAOx), 2016 U.S. Dist. LEXIS 29631, at *6 (C.D. Cal. Mar. 8, 2016) (citations and internal quotation marks omitted).  However, such evidence need not be "actually admissible at trial (or at the summary judgment stage)."  *Id.*

///

///

///

---

[1]  Plaintiff does not dispute the parties are diverse or that there are over 100 putative class members.

**B.      DA Plausibly Alleged The Amount In Controversy Exceeds Five Million Dollars Through Calculations As To Plaintiff's Causes Of Action.**

In its Notice of Removal, DA first established the amount in controversy by performing calculations as to the potential damages available to Plaintiff and her proposed class based on assumptions which are reasonable in light of the allegations in Plaintiff's Complaint. (*See* Notice of Removal ¶¶ 20, 23, 24.) DA's plausible allegations in its Notice of Removal were based on sworn statements from the company's Chief Financial Officer, Leonard Thurmes ("Thurmes"), as well at the allegations asserted by Plaintiff in her Complaint.  After reviewing DA's employee records, Thurmes stated that DA employed 287 putative class members – 257 of whom were employed as hourly, non-exempt employees who earned a combined average hourly rate of $12.14.  (Dkt. No. 1-4, Declaration of Leonard Thurmes ("Thurmes Decl.") ¶¶ 8-10.)  *See Sanchez v. Russell Sigler, Inc.*, CV 15-01350-AB (PLAx), 2015 U.S. Dist. LEXIS 55667, at *11 (C.D. Cal. Apr. 28, 2015) ("Defendant's use of an average hourly wage was proper for determining the amount in controversy.   The average wage of the class members is an appropriate rubric for assessing wages as well as penalties based on wage-and-hour violations.")   (citations and internal quotation marks omitted).   Indeed, as explained in DA's notice of removal, by merely looking at the allegations relating to Plaintiff's claims for unpaid minimum wage, unpaid overtime, and meal and rest break violations, which are not even all of Plaintiff's claims[2], the amount in controversy was $5,801,159.70.

The amount in controversy exceeds $5,000,000 exclusive of additional penalties and attorneys' fees and does not even factor in Plaintiff's claims alleged wage statement violations. Plaintiff's Complaint requests a decree that DA violated California Labor

---

[2]   Plaintiff has also alleged claims for waiting time penalties and for failure to reimburse employees for necessary business expenses and seek relief for failure to provide accurate wage statements. Defendant also did not include an estimate for attorneys' fees.

Code section 226(a). (Dkt. No. 1-2, Complaint, Prayer for Relief, ¶15.) Violations of Labor Code section 226(a) carry a penalty of $50 per initial violation and $100 per subsequent violation, up to $4,000 per employee. Labor Code §§226(a), 226(e). During the one year statute of limitations preceding the filing of the Complaint, DA employed at least 231 individuals in California who received weekly wage statements. (See Declaration of Leonard Thurmes in Support of Opposition to Remand ("Thurmes Decl. II"), ¶4.) Therefore, assuming each individual was entitled to the full measure of damages under Labor Code section 226, a fact that DA does not concede, but is plausible based on the pleadings, damages would equal an additional $924,000.00 in controversy, based on at least 231 individuals with $4,000 in statutory damages each. (Thurmes Decl. II, ¶4.)

Additionally, while Plaintiff's Complaint seeks to recover attorneys' fees, DA only included a modest assumption of $250,000 in attorneys' fees through trial in its Removal. As discussed in the Notice of Removal, attorneys' fees may be included in calculating the amount in controversy for removal jurisdiction. The measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Simmons v. PCR Tech.*, 209 F. Supp.2d 1029, 1035 (N.D. Cal. 2002). The benchmark for attorneys' fees is 25% of the amount in controversy. *See, e.g., Yocupicio,* 2014 U.S. Dist. LEXIS 178723, *20-21, reversed and remanded on other grounds in *Yocupicio v. PAE Group, LLC*, 2015 U.S. App. LEXIS 13273 (9th Cir. Cal. July 30, 2015) ("The Court would thus include a 25% fee award in its amount-in-controversy calculation" in a wage and hour class action); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. Cal. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees"); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007), *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345 (2013).

DA's notice of removal estimated the total amount in controversy based on Plaintiff's claims from unpaid overtime, unpaid minimum wage, meal and rest break violations and unreimbursed business expenses to be $5,859,994.70. (*See* Notice of

Removal, ¶¶ 23, 24.) Thus, based on DA's initial calculations (which do not factor in penalties for alleged wage statement violations), if Plaintiff is successful in litigation and is ultimately awarded attorneys' fees, conservatively assuming that Plaintiffs' attorneys' fees equal 25% of the total amount in controversy, the award would be $1,464,998.68. Thus, the total amount in controversy based on the claims calculated in the Notice of Removal and including reasonable attorneys' fees would be **$7,324,993.38**.

### C.   Plaintiff Misleads the Court by Now Asserting Certain Claims Are Only Related to "Former" Hourly Employees

Based on Plaintiff's Complaint, which alleges a class defined as "all current and former employees who worked for any of the Defendants within the State of California," DA provided evidence that the putative class is comprised of 287 individuals that have been employed in California during the statute of limitations period. (Dkt. No 1-4, Thurmes Decl., ¶¶8.) Defendant further provided evidence that it has employed 257 individuals as hourly, non-exempt during the statute of limitations period. (*Id.* ¶9.)

Plaintiff's Complaint alleges violations of meal and rest breaks, failure to pay minimum wage and failure to pay overtime. (See Dkt. 1-2, Complaint ¶¶ 24, 25, 27, 28, 29, 34.) Such alleged violations would apply to the 257 hourly, non-exempt employees employed by DA, not just those who have been terminated or separated from DA. Contrary to Plaintiff's Motion, Plaintiff does not limit her allegations of such violations to only former hourly employees.

Plaintiff's Complaint alleges "Defendants hired Plaintiff and the **other class members** and failed to timely compensate them for all hours worked and missed meal periods and/or rest breaks…." (Dkt. 1-2, Complaint ¶19.) (emphasis added.) It further alleges "Defendants engaged in a pattern and practice of wage abuse **against their employees**...." (*Id.* ¶25.) (emphasis added.) Moreover, Plaintiff's Prayer for Relief asks that the Court determine DA "violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff **and the other class members** all overtime compensation due to them, failure to provide all meal and rest periods to Plaintiff **and the**

---

**other class members,** failing to pay at least minimum wages to Plaintiff **and the other class members,** failing to pay Plaintiff's **and the other class members'** wages timely …and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802." (Dkt No. 1-2, Complaint, Prayer for Relief, ¶15.) (emphasis added.) Although Plaintiff defined her SUBCLASS A as "former" hourly employees, all of Plaintiff's allegations are pled broadly as to the **entire class**, including all 257 hourly employees, not just former employees, in fact, Plaintiff asserts her "claims are typical of all other class members.'" (Complaint ¶15). Therefore, DA's calculation of plausible damages based on all 257 hourly employees is reasonable based on Plaintiff's Complaint.[3]

### D.   DA Is Under No Obligation to Investigate Facts Outside the Four Corners of the Pleadings In Order to Remove.

Despite Plaintiff's assertions, CAFA does not require DA to investigate and present facts outside the four corners of Plaintiff's Complaint. Indeed, Plaintiff erroneously argues that DA refused to make numerous calculations and conduct an investigation into the allegations of Plaintiff's claims prior to removing. Plaintiff also curiously argues that DA is required to support its assumptions regarding the amount in controversy by producing documents which would establish DA's liability. (*See, e.g.*, Motion to Remand, 7:13-15; 9:13-15; 12:4-7.) As articulated in the Notice of Removal, however, DA properly uses Plaintiff's alleged theories of recovery to demonstrate that it is more probable than not the *amount in controversy* exceeds $5,000,000 without conceding liability.[4] The amount in controversy calculation is based solely on theoretical potential recovery and not on an actual calculation of liability. Nonetheless, Plaintiff argues that DA is required to actually prove liability and damages solely to allow it to

---

[3] DA's Notice of Removal interpreted that Plaintiff's SUBCLASS A included all current and formerly hourly paid or non-exempt employees in California. However, DA's evidence that it employed 257 hourly or non-exempt employees in California during the statute of limitations period remains accurate. (Dkt. No. 1-4, Thurmes Decl. ¶9.) DA is not asserting all 257 hourly employees are former employees.

[4] DA's notice of removal specifically states that "no admissions are being made by Defendant with respect to liability, nor is any admission being made that Plaintiff and her putative class ever suffered any damages." (*See* Notice of Removal, 5: Fn. 2.)

1 remove this case. In effect, Plaintiff impermissibly seeks to establish a rule requiring a

2 removing defendant to litigate against itself by conducting Plaintiff's duties of

3 establishing liability and damages. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395

4 (9th Cir. Cal. 2010) ("The amount in controversy is simply an estimate of the total

5 amount in dispute, not a prospective assessment of defendant's liability.")

6      Further, to the extent Plaintiff is asserting that DA is under an affirmative

7 obligation to investigate facts outside of the four corners of the pleadings, she is incorrect

8 as DA has no such duty. In *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689 (9th

9 Cir. 2005), the Ninth Circuit clarified whether any burden "lies with the defendant to

10 investigate the necessary jurisdictional facts within the first thirty days of receiving an

11 indeterminate complaint, or whether the determination be limited to the face of the initial

12 pleading. *Id.* at 693. The Ninth Court concluded that "[n]otice of removability under

13 1446(b) is determined through examination of the four corners of the applicable

14 pleadings, not through subjective knowledge or a duty to make further inquiry. *Id.* at 694.

15 Thus, DA was under no duty to investigate the facts or make such calculations. Plaintiff's

16 argument that removal was improper because DA did not take such actions cannot

17 support his Motion to Remand.

18      **E.    Plaintiff's Motion Fails to Contest Any Evidence Submitted by DA, nor**

19           **Does Plaintiff Submit Her Own Evidence To Satisfy Her Burden Of**

20           **Proving By A Preponderance Of The Evidence That The Amount In**

21           **Controversy Does Not Exceed $5,000,000.**

22      Since Plaintiff does not contest the underlying allegation as to the amount in

23 controversy and has produced no evidence to establish the amount in controversy does

24 not exceed $5,000,000, Plaintiff has not satisfied her burden of contesting DA's

25 underlying allegations pertaining to the amount in controversy requirement and her

26 Motion should be denied.

27      When a plaintiff contests an allegation in the notice of removal, "both sides submit

28 proof and the court decides, by a preponderance of the evidence, whether the amount in

---

controversy requirement has been satisfied." *Dart Cherokee*, 135 S. Ct. at 553. However, where a party seeking remand only contests that the **evidence** provided in support of removal is inadequate, but does not directly contest a jurisdictional allegation related to CAFA requirements, for example that the amount in controversy exceeds $5,000,000.00, the attack against removal is "fallacious" and foreclosed by Supreme Court precedent. *Roa v. TS Staffing Services, Inc.*, 2015 U.S. Dist. LEXIS 7442 (C.D. Cal. January 22, 2015). *Roa* is directly on point.

Here, Plaintiff *only* contests the evidence provided and DA's assumptions that establish the amount in controversy requirement has been met – Plaintiff does not in fact contest DA's allegation that the amount in controversy exceeds $5,000,000. As in *Roa*, these arguments against the notice of removal are fallacious and insufficient to warrant remand. Indeed, Plaintiff fails to make the only argument that could permit him to seek remand – that DA's allegations regarding the amount in controversy being over $5,000,000 are false. Further, Plaintiff has not presented any evidence whatsoever to carry her burden of proving by a preponderance of the evidence that the amount in controversy requirement has not been satisfied. In fact, Plaintiff has not even provided any alternative assumptions regarding the alleged violations. As such, Plaintiff has not satisfied her burden of contesting DA's underlying allegations pertaining to the amount in controversy requirement.[5] Thus, Plaintiff's Motion fails.

### F. Plaintiff Has Not Legitimately Challenged Defendant's Plausible Allegations Regarding The Amount In Controversy.

Assuming *arguendo* that Plaintiff's motion has sufficiently challenged the jurisdictional allegation as to the amount in controversy, beyond merely contesting the evidence to support the allegation, DA's showing as to the amount in controversy

---

[5] To the extent Plaintiff presents any new evidence or arguments in her Reply that were not otherwise presented in Plaintiff's Motion to Remand, such new evidence or argument should be disregarded or DA should have the opportunity to respond. *See, e.g.*, *United States ex rel. Modglin v. DJO Global Inc.*, 48 F. Supp. 3d 1362, 1402-1403 (C.D. Cal. 2014) (refusing to consider evidence produced only in supplemental reply briefing when other party did not have an opportunity to respond).

nonetheless satisfies the preponderance of evidence standard because the assumptions underlying DA's calculations are reasonable and directly related to the specific allegations in Plaintiff's Complaint.

The crux of Plaintiff's Motion is that she disputes the propriety of the underlying assumptions upon which DA relies to establish the amount in controversy.[6] Plaintiff's Complaint is silent on the amount in controversy and devoid of factual allegations from which to allow DA to make reasonable assumptions other than the ones in its Notice of Removal. However, Plaintiff's challenge to the assumptions made by DA is patently disingenuous because **these assumptions were made from Plaintiff's own allegations and Plaintiff does not actually contradict those assumptions.** Indeed, Plaintiff has not explained how DA's violation rates are improper nor has she proffered any facts or argument as to an alternative violation rate.[7] As discussed in detail below, DA's assumptions are reasonable and not overly speculative as Plaintiff argues.[8]

The plaintiff is the "master of [her] complaint," and the Court assumes that a jury will return a judgment in favor of the plaintiff on all claims. *See Coleman*, 730 F. Supp. 2d at 1150. DA is not obligated to produce evidence of its alleged liability and cannot do

---

[6] Specifically, Plaintiff challenges the violation rates Defendant applied as to the frequency the class members were (1) not properly paid overtime for hours worked over eight in one day, (3) were not provided with a compliant meal period, (4) were not provided with a compliant rest period, and (5) were not reimbursed for necessary and reasonable business expenses.

[7] In *Ibarra v. Manheim Invs., Inc.,* on which Plaintiff relies, the class representative specifically alleged that he had experienced violations only on "multiple occasions," which the Court relied on in holding the defendant's stated 100% violation rate unduly speculative. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). Plaintiff has not asserted any such evidence. Further, as explained in Section II.D, above, DA is not under any obligation to produce any documentation to support the assertions in its Notice of Removal such as an estimated violation rate.

[8] Plaintiff also erroneously disputes the propriety of DA's utilization of the average rate of pay for the putative class in its calculations of the amount in controversy for potential class wide damages. In fact, using an average rate of pay is proper. *See Sanchez v. Russell Sigler, Inc.*, 2015 U.S. Dist. LEXIS 55667, *13 (C.D. Cal. Apr. 28, 2015); *see also Leos v. Fed. Exp. Corp.*, 2014 U.S. Dist. LEXIS 80162, *5 (C.D. Cal. June 10, 2014) ("the average wage of the class members is an appropriate rubric for assessing wages as well as penalties based on wage-and-hour violations"); *see also Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) *aff'd sub nom. Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) ("it is preferable for defendants to calculate the average hourly wage based on the average wage of all class members.")

---

so since it denies the allegations set forth in the Complaint, as stated in the Notice of Removal. Plaintiff, who has filed this lawsuit on behalf of herself and other putative class members, fails to articulate material facts regarding the frequency of the alleged violations. However, the language of the Complaint sufficiently alleges regularity of the violations and "pattern and practice of wage abuse" relating to the alleged Labor Code violations to support the assumptions made in DA's Notice of Removal. The Complaint itself alleges the following universe of assertions regarding overtime, meal and rest period, and other wage/hour violations:

- "Defendants hired Plaintiff and the other class members and failed to timely compensate them for all hours worked...." (Complaint ¶19.) Plaintiff's Complaint also alleges DA had a "pattern and practice of wage abuse against their employees" which involved "failing to pay them for all regular and/or overtime wages earned...." (Complaint ¶25.) The Complaint further alleges "Plaintiff and the other SUBCLASS A members worked over eight (8) hours in a day and/or forty (40) hours in a week during their employment with Defendants" and "Defendants failed to pay overtime wages to Plaintiff and the other SUBCLASS A members for all overtime hours worked." (Complaint ¶¶24, 34.) Plaintiff's Complaint further alleges that DA "had a duty to compensate Plaintiff and the other class members...but willfully, knowingly and intentionally failed to do so...." (Complaint ¶33.) In her Prayer for Relief, Plaintiff seeks a decree that DA "violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them...." (Dkt No. 1-2, Complaint, Prayer for Relief, ¶15.)

- "Defendants hired Plaintiff and the other class members and failed to timely compensate them for ...missed meal periods...." (Complaint ¶19.) Plaintiff's Complaint alleges DA had a "pattern and practice of wage abuse against their employees" which involved "missed meal periods." (Complaint ¶25.)

CASE NO.  5:17-cv-02173-AG-KK                    14              DEFENDANT'S OPPOSITION TO
                                                                PLAINTIFF'S MOTION TO REMAND

Plaintiff alleges DA "failed to provide Plaintiff and the other SUBCLASS A members all required…meal periods during the relevant time period…and thus they are entitled to any and all applicable penalties" and they "did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and other SUBCLASS A members' regular rate of pay when a meal period was missed." (Complaint ¶¶27, 28.) In her Prayer for Relief, Plaintiff seeks a decree that DA "violated California Business and Professions Code sections 17200, et seq. by …failing to provide all meal and rest periods to Plaintiff and the other class members…." (Dkt No. 1-2, Complaint, Prayer for Relief, ¶15.)

- "Defendants hired Plaintiff and the other class members and failed to timely compensate them for …missed…rest breaks…." (Complaint ¶19.) Plaintiff's Complaint alleges DA had a "pattern and practice of wage abuse against their employees" which involved "missed rest breaks." (Complaint ¶25.) Plaintiff alleges DA "failed to provide Plaintiff and the other SUBCLASS A members all required rest… periods during the relevant time period…and thus they are entitled to any and all applicable penalties," and they "did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and other SUBCLASS A members' regular rate of pay when a meal period was missed." (Complaint ¶¶27, 29.) In her Prayer for Relief, Plaintiff seeks a decree that DA "violated California Business and Professions Code sections 17200, et seq. by …failing to provide all meal and rest periods to Plaintiff and the other class members…." (Dkt No. 1-2, Complaint, Prayer for Relief, ¶15.)

- Plaintiff's Complaint alleges DA had a "pattern and practice of wage abuse against their employees" which involved "not reimbursing them for all necessary business related expenses in violation of California law." (Complaint ¶25.) Plaintiff further alleges that during the relevant time

1    period, Defendant "failed to reimburse Plaintiff and the other class members

2    for all necessary business-related expenses and costs." (Complaint ¶38.)

3    The reasonable assumptions made in DA's Notice of Removal are supported by

4    Plaintiff's own allegations and the Declarations of Leonard Thurmes, which establish that

5    DA's hourly employees work eight hour shifts, five days a week, Monday through

6    Friday, thus entitling employees to at least one meal period and two rest breaks per

7    workday. (Thurmes Decl. II, ¶5.) Mr. Thurmes also provided evidence that DA's hourly

8    employees work overtime with relative frequency based on DA's needs, often either in

9    excess of eight hours in one day, or in excess of forty hours in one work week. (*Id*. ¶6.)

10    Not only are DA's assumptions reasonably based on Plaintiff's allegations and

11    supporting declarations, they are also analogous to recent precedent cases, in which

12    plaintiffs' motions for remand were denied for the same reasons. Indeed, where, as here,

13    a plaintiff makes generalized allegations regarding the frequency of violations, a

14    defendant may calculate the amount in controversy based on reasonable assumptions.

15    *Oda v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, *12-13 (C.D. Cal. Jan. 7, 2015)

16    *citing Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515, 2007 WL

17    1302504, at *3-5 (E.D. Cal. May 1, 2007) (finding an assumption of a 100 percent

18    violation rate proper where the plaintiff alleged that the defendant did "not always" pay

19    the amount of compensation due). In *Oda*, the Court held that Gucci sufficiently proved

20    the amount in controversy and denied the plaintiffs' motion for remand. The *Oda* Court

21    found that Gucci's assumptions that employees were not given proper meal and rest

22    periods 50% of the time (2.5 meal break violations and 2.5 rest break violations per

23    week) were reasonable in light of Plaintiffs' allegations.[9] The Court likewise deemed

24    Gucci's assumption of one hour of unpaid wages and one hour of unpaid overtime per

25

26    _____

[9]   The plaintiffs alleged that: "Plaintiffs and the class members sometimes did not receive all of their
27    meal periods in a lawful fashion . . . [and] not all rest periods were given timely, if at all to plaintiffs and
      other Class members," Gucci "maintained a policy or practice of not paying additional compensation to
28    employees for missed, uninterrupted [sic], and/or timely meal and/or rest periods," and Gucci "used
      policies and procedures that have consistently violated California labor laws and regulations." *Id.*

week reasonable in light of Plaintiffs' allegations that Gucci failed to pay class members "some of their wages earned and all compensation due" and "sometimes" failed to pay overtime. *Id.*

In *Oda*, as in the case at bar, the plaintiffs argued that Gucci assumed greater rates of violation than supported by the allegations of the complaint because the complaint asserted that Gucci "sometimes" violated labor laws or failed to "pay all" compensation due. However, the court noted that the plaintiffs also asserted that Gucci "used policies and procedures that have consistently violated California labor laws and regulations," which contrasted the "sometimes" language. Plaintiff's allegations here similarly mirror this language as identified above, and the allegations imply more regularity of violations than the allegations in *Oda*. Moreover, as the Court stated in *Oda*, "[Defendant] is not required to comb through its records to identify and calculate the exact frequency of violations. Rather, "[Defendant] is only required to prove the amount in controversy by preponderance." *Id.* As in *Oda*, DA's assumption that each class member suffered violations of each type alleged per week is reasonable and supported by the allegations in the Complaint.

Indeed, based on Plaintiff's allegations, DA could even justifiably assume a violation rate at 50% or even 100%. *See, e.g., Mejia v. DHL Express (USA), Inc.*, 2015 U.S. Dist. LEXIS 67212 (C.D. Cal. May 21, 2015) (denying remand because as plaintiff alleged that defendant "adopted and maintained uniform policies, practices and procedures" that caused the purported violations of California's rest period law, "It is not unreasonable to assume that when a company has unlawful policies and they are uniformly 'adopted and maintained,' then the company may potentially violate the law in each and every situation where those policies are applied.")[10] This is analogous to the

---

[10] *See also Sanchez v. Russell Sigler, Inc.*, 2015 U.S. Dist. LEXIS 55667, *15-16 (C.D. Cal. Apr. 28, 2015) (holding 100% violation rate was warranted in light of Plaintiff's allegations of violations "at all material times"); *Deaver v. BBVA Compass Consulting & Benefits, Inc.*, 2014 U.S. Dist. LEXIS 72074, *7 (N.D. Cal. May 27, 2014) (finding a 100% violation rate proper where the plaintiff alleged "consistent and universal meal period violations.")

allegations made in Plaintiff's Complaint, as discussed above. (*See* Complaint at ¶¶ 15, 19, 24, 25, 33, 34; Prayer for Relief ¶15.) If a 100% violation rate were applied, as in *Mejia*, the amount in controversy on just the meal and rest break claims would amount to **$6,395,959**.[11] Even if a 50% violation rate were applied as to the meal and rest break claims (plus attorney's fees, discussed below) the amount in controversy just as to these claims would bring the jurisdictional threshold just shy of $4,000,000, not including overtime claims or expense reimbursement claims which easily bring the jurisdictional amount over $5,000,000.

Based on the foregoing, the assumptions made in the notice of removal are reasonable; they are not overly speculative as Plaintiff claims. As the Court aptly stated in *Oda*, "Had Plaintiffs wanted to avoid removal by limiting their recovery, they could have pled facts narrowing the scope of their claims." *Id.* at *13. Moreover, Plaintiff's allegations regarding the overtime violations and meal and rest period violations warrant the application of a more significant violation rate, which would sufficiently establish the amount in controversy.

///
///
///
///
///
///
///
///
///
///

---

[11]   $6,395,959 = ($12.14 average hourly rate x 5 meal period violations per week x 205 workweeks in period x 257 hourly employees = $3,197,979.50) + ($12.14 average hourly rate x 5 rest period violations per week x 205 workweeks in period x 257 hourly employees = $3,197,979.50).

III.  **CONCLUSION**

DA properly removed this case on October 23, 2017 by plausibly alleging the amount in controversy exceeded $5,000,000.  Now, Plaintiff seeks to remand the action, but she has failed to submit anything other than self-serving statements to support her motion. DA, on the other hand, submits the declarations of its Chief Financial Officer, Leonard Thurmes.  Relying on these declarations, and the unequivocal allegations made by Plaintiff in her Complaint, DA has sufficiently demonstrated that the jurisdictional threshold has been met. For these reasons, DA respectfully requests this Court deny Plaintiff's Motion to Remand.

DATED:  November 13, 2017                    JACKSON LEWIS P.C.


                              By:    /s/Leila Nourani
                                   Leila Nourani
                                   Damien P. DeLaney
                                   Michael A. Wertheim

                                   Attorneys for Defendant
                                   DISTRIBUTION ALTERNATIVES, INC.

4829-4640-4692, v. 1