UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-2173 AG (KKx) | Date | December 6, 2017 |
|---|---|---|---|
| Title | STEPHANIE STANLEY v. DISTRIBUTION ALTERNATIVES, INC. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** [IN CHAMBERS] ORDER DENYING MOTION FOR REMAND AND GRANTING MOTION TO DISMISS

Plaintiff Stephanie Stanley asks the Court to send this putative class action wage and hour lawsuit against Defendant Distribution Alternatives, Inc. ("DA") back to San Bernardino County Superior Court. Also, DA moves to dismiss Stanley's complaint for failure to state a claim or, alternatively, for a more definite statement of Stanley's claims.

The Court DENIES the motion to remand. (Dkt. No. 9.) The Court GRANTS the motion to dismiss with leave to amend. (Dkt. No. 7.)

**1. MOTION TO REMAND**

Stanley argues that the Court must remand this case to state court because DA hasn't shown that more than $5,000,000 is at stake.

   **1.1 Legal Standard**

The Court can decide only those cases it has subject matter jurisdiction over. Indeed, "[f]ederal courts are courts of limited jurisdiction," and they possess "only that power

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-2173 AG (KKx) | Date | December 6, 2017 |
|---|---|---|---|
| Title | STEPHANIE STANLEY v. DISTRIBUTION ALTERNATIVES, INC. ET AL. | | |

authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to all Cases . . . arising under this Constitution, the Laws of the United States . . . [or] between Citizens of different States."

With the Class Action Fairness Act of 2005 (commonly called "CAFA" for short), Congress authorized district courts to exercise jurisdiction over class actions where there are at least 100 class members, where any plaintiff is diverse in citizenship from any defendant, and where the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d). A "defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). But when a plaintiff does challenge a defendant's amount in controversy estimates, the defendant bears the burden of establishing that the amount in controversy requirement is met by a preponderance of the evidence. *Id.* at 553–54; *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013).

### 1.2 Allegations in the Complaint

The parties seem to agree that the parties are sufficient in size and diversity. But the parties dispute just what's at stake in this case. Stanley's complaint purports to allege only three claims of relief: (1) untimely final wage payments under California Labor Code §§ 201 and 202; (2) unreimbursed business expenses under California Labor Code §§ 2800 and 2802; and (3) claims under California's Unfair Competition Law, California Business & Professions Code § 17200 et seq. (Compl., Dkt. No. 1-2.) But the complaint also asserts more general allegations that DA "engaged in a pattern and practice of wage abuse against their employees." (Compl., Dkt. No. 1-2 at 7.) And that DA failed to pay class members "accurate overtime compensation for all hours worked," failed to provide class members with "all required rest and meal periods," and failed to pay class members "at least minimum wages for all hours worked." (Compl., Dkt. No. 1-2 at 7–8.)

Despite these additional allegations, Stanley maintains that it asserts only the three claims listed previously: untimely final wage payments, unreimbursed business expenses, and UCL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-2173 AG (KKx) | Date | December 6, 2017 |
|---|---|---|---|
| Title | STEPHANIE STANLEY v. DISTRIBUTION ALTERNATIVES, INC. ET AL. | | |

violations. Stanley says that the she pleads the other wage and hour violations to support her claims under the UCL, which prohibits "unlawful, unfair, or fraudulent" business practices and permits plaintiffs to "borrow" other statutory violations to show "unlawfulness." *See Yanting Zhang v. Superior Court*, 304 P.3d 163, 167 (Cal. 2013). Because the "plaintiff is the master of the complaint," the Court views the complaint from this perspective. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398–99 (1987).

### 1.3 Analysis of Amount in Controversy

As a general matter, Stanley argues that DA's calculations aren't based on competent evidence. But DA relied on a declaration from its Chief Financial Officer who reviewed the company's employee records to determine the number of class employees and their average hourly wage. (*See* Decl. of Leonard Thurmes, Dkt. No. 1-4.) To support removal, "parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). And a declarant may "set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). DA's evidence doesn't run afoul of these principles.

Furthermore, Stanley's argument that DA's calculations should have been limited to former employees (referred to in the complaint as "Sublcass A" employees) is not convincing. Only Plaintiff's first claim (failure to pay timely wages upon termination) references Subclass A. (Compl., Dkt. No. 1-2 at 10.) Both the second claim (unreimbursed business expenses) and the third claim (UCL violations) refer generally to "class members" defined earlier in the complaint as "[a]ll current and former employees." (*Id.* at 4, 10–12.) While the general allegations do reference "Subclass A" employees, these allegations include conflicting and somewhat confusing descriptions. (*See id.* at 4–9.) More on that later.

Turning to the actual calculations, DA's amount in controversy calculation concerning Stanley's UCL claim alone crosses the $5,000,000 threshold. DA says the UCL claim puts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-2173 AG (KKx) | Date | December 6, 2017 |
|---|---|---|---|
| Title | STEPHANIE STANLEY v. DISTRIBUTION ALTERNATIVES, INC. ET AL. | | |

$5,801,159.70 at controversy. DA basis this figure on potential liability for Plaintiffs' allegations concerning DA's failure to pay overtime, failure to provide meal breaks, and failure to provide rest breaks. Again, Stanley doesn't assert these as freestanding claims, but only as violations to support UCL violations under an "unlawful" conduct theory. While the UCL is limited to restitutionary damages, "payment of wages unlawfully witheld from an employee" is an appropriate UCL remedy. *Cortez v. Purolator Air Filtration Prods. Co.*, 999 P.2d 706, 715 (Cal. 2000). For the at-controversy overtime wages, DA assumes that each of the class members worked two hours of overtime each week during the class period, for a total of $1,933,719.90 at stake for that claim. For the at-controversy meal and rest breaks, DA assumes that each of the class members missed three meal breaks and three rest breaks each week during the class period, for a total of $3,867,439.80 at stake for that claim.

Stanley argues that the assumed violation rates of two hours of overtime, three missed rest breaks, and three missed meal breaks per week are unreasonable. But the complaint offers no guidance as to the frequency of these violations, only that DA engaged in a "pattern and practice" of wage and hour violations. (Compl., Dkt. No. 1-2 at 7.) Stanley asserts that the Ninth Circuit's holding in *Ibarra* deems DA's violation rates unreasonable. (Mot. to Remand, Dkt. No. 9 at 9–10.) The *Ibarra* court held that "pattern and practice" didn't necessarily mean the defendant violated wage and hour laws at each and every opportunity, each and every shift. *See Ibarra*, 775 F.3d at 1198–98. In contrast, DA has not assumed a one hundred percent violation rate. And what's more, the allegations in the *Ibarra* plaintiff's complaint were more limited than those in Stanley's. "Ibarra alleged that he worked overtime hours without compensation on 'multiple occasions during his employment,' suggesting that [the defendant's] practices occurred several times but not on each and every shift." *See id.* In contrast, Stanley's complaint provides almost no allegations concerning the frequency of the alleged violations, and Stanley provides no competing evidence that would suggest lower violation rates.

Accordingly, Plaintiff's UCL calculations are appropriate. Because more than $5,000,000 is at controversy in this case, and because there are more than 100 putative class members and sufficient diversity, subject matter jurisdiction is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-2173 AG (KKx) | Date | December 6, 2017 |
|---|---|---|---|
| Title | STEPHANIE STANLEY v. DISTRIBUTION ALTERNATIVES, INC. ET AL. | | |

## 2. MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

DA asks the Court to dismiss Stanley's complaint (or for a more definite statement) for two reasons. First, DA argues that Stanley failed to allege "at least one workweek in which she allegedly incurred a violation." (Mot. to Dismiss, Dkt. No. 7 at 2.) Second, DA argues that Stanley's UCL claim is "impermissibly vague" because "it is unclear from the allegations which, if any, of the [underlying] claims are substantively asserted as a basis for relief under [the UCL] rather than included as mere surplusage." (*Id.*)

### 2.1 Legal Standard

A defendant may move to dismiss a complaint if it believes that the plaintiff has failed to state a claim for relief. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plaint statement of the claim showing that the pleader is entitled to relief." With that liberal pleading standard, the purpose of a motion under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1356, p. 354 (3d ed. 2004). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In analyzing the complaint's sufficiency, a court must "accept[] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf*, 669 F.3d at 1014. But the assumption of truth doesn't apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

### 2.2 Analysis

For the purposes of stating a claim, the Court concludes that Stanley hasn't satisfied her burden under Federal Rule of Civil Procedure 8. Concerning Fair Labor Standards Act claims, the Ninth Circuit has held that "[a]lthough . . . detailed factual allegations regarding the number of overtime hours worked are not required to state a claim, we do not agree that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-2173 AG (KKx) | Date | December 6, 2017 |
|---|---|---|---|
| Title | STEPHANIE STANLEY v. DISTRIBUTION ALTERNATIVES, INC. ET AL. | | |

conclusory allegations that merely recite the statutory language are adequate." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644 (9th Cir. 2014), as amended (Jan. 26, 2015). A plaintiff, however, "may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.* at 645. Courts routinely apply this reasoning to California wage and hour claims. *See, e.g.*, *Franke v. Anderson Merchandisers, LLC*, No. 17-CV-3241 DSF (AFMx), 2017 WL 3224656, at *7 (C.D. Cal. July 28, 2017).

Stanley's complaint doesn't comply with those standards because she fails to allege any facts beyond conclusory allegations restating the relevant wage and hour standards. For example, Stanley alleges that she and the other class members worked "over eight (8) hours in a day, and/or forty (40) hours in a week" during their employment with DA, but that DA failed to pay them for all overtime hours worked. (Compl., Dkt. No. 1-2 at 7, 9.) These allegations are insufficient to support Stanley's UCL claim that DA engaged in "unlawful" business practices because they merely restate the underlying wage and hour law. *See, e.g.*, Cal. Lab. Code § 510. Same goes for Plaintiff's meal and rest period allegations, her minimum wage allegations, and her waiting time allegations. Also, Plaintiff's allegation that DA failed to pay Stanley and the other class members "for all necessary business-related expenses and costs" also lacks sufficient facts. (*See*, Dkt. No. 1-2 at 9.) Put simply, Plaintiff hasn't provided enough factual information for any of her claims to comport with Federal Rule of Civil Procedure 8, and they must be dismissed. At "a minium [Stanley] must allege at least one workweek when [s]he worked in excess of forty hours and was not paid for the excess hour in that workweek," and provide similar factual allegations for her other claims. *See Landers*, 771 F.3d at 644.

So the Court dismisses Stanley's claims. But the Court grants her leave to amend the complaint, since perhaps she'll be able to include additional factual information to support her claims. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009). To be sure, the standard announced in *Landers* is not onerous, as Stanley must only plead "sufficient factual content 'to state a claim for relief that is plausible on its face.'" *Landers*, 771 F.3d at 641 (quoting *Twombly*, 5501 U.S. at 570)). Indeed, the *Landers* court observed that an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 17-2173 AG (KKx) | Date | December 6, 2017 |
|---|---|---|---|
| Title | STEPHANIE STANLEY v. DISTRIBUTION ALTERNATIVES, INC. ET AL. | | |

"allegation that a plaintiff typically worked a forty-hour workweek, and worked uncompensated extra hours during a particular forty-hour workweek would state a plausible claim for relief." *Landers*, 771 F.3d at 640.

Further, the Court notes that it's difficult to determine which causes of action are supported by which violations and how they relate to the various members of the putative class, as discussed. The Court encourages Stanley to clarify these allegations if and when she amends her complaint.

With this dismissal, the Court need not address DA's request for a more definite statement.

### 3. DISPOSITION

The Court DENIES the motion to remand. (Dkt. No. 9.) The Court GRANTS the motion to dismiss with leave to amend. (Dkt. No. 7.) The deadline for Stanley to file her amended complaint is **January 12, 2017**.

|  | : | 0 |
|---|---|---|
| **Initials of Preparer** | | lmb |